UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN JAMES HILL,

    Petitioner,

v.

BRAD CAIN, Superintendent of SRCI,

    Respondent.

Case No. 2:21-cv-00154-CL

ORDER OF DISMISSAL

CLARKE, Magistrate Judge.

On January 29, 2021, Petitioner Kevin James Hill ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions for robbery, kidnapping, assault, and burglary (Multnomah County Circuit Court Case Number 11CR33373). On March 31, 2021, the Court stayed these proceedings pending the United States Supreme Court's decision in *Edwards v. Vannoy*, 593 U.S. ___ (2021), (ECF No. 11), and have continued the stay of proceedings since that decision pending resolution of Petitioner's successive postconviction proceedings in state court. (ECF Nos. 12-14.)

1 - ORDER OF DISMISSAL

On June 12, 2023, the state postconviction court vacated thirteen of Petitioner's convictions and remanded the entire case "for further proceedings, including, but not limited to, resentencing on all counts, or retrial." (Mot. to Dismiss (ECF No. 38), Attach. 1.) On August 24, 2023, Respondent moved to dismiss this habeas action as moot. (Mot. at 1-2.) Petitioner does not oppose the motion. (Resp. to Resp't Mot. to Dismiss (ECF No. 39) at 1.)

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *see also United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) (explaining that "[m]ootness is a jurisdictional issue" because "[t]he inexorable command of the Constitution confines [federal courts] to deciding only actual cases and controversies") (simplified). Generally, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (simplified). Because the criminal judgment Petitioner seeks to challenge no longer exists, this proceeding now is moot. *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (explaining that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed"). Accordingly, the Court GRANTS Respondent's unopposed Motion to Dismiss (ECF No. 38) and DISMISSES the petition as moot.

IT IS SO ORDERED.

DATED this __13__ day of October, 2023.

                                                              MARK D. CLARKE
                                                              United States Magistrate Judge